# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-780V
Filed: October 13, 2015
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
THOMAS DYROFF,            \*
                               \*
         Petitioner,        \*     Ruling on Entitlement; Concession;
                               \*     Influenza (Flu) Vaccine; Shoulder Injury
v.                               \*     Related to Vaccine Administration
SECRETARY OF HEALTH       \*     (SIRVA); Special Processing Unit
AND HUMAN SERVICES,       \*     (SPU).
                               \*
         Respondent.       \*
                               \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lawrence R. Cohan, Anapol, Schwartz, et al., Memphis, TN, for petitioner.
Michael Patrick Milmoe, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On July 24, 2015, Thomas Dyroff ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act"]. Petitioner alleges that as a result of receiving an influenza ("flu") vaccine on October 3, 2013, he suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. This case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 13, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent has concluded that "a preponderance of evidence establishes that the shoulder injury petitioner claims in the petition was caused-in-fact by the administration of his October 3, 2013 vaccination, and his

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

shoulder pain was not due to factors unrelated to the administration of the vaccine." Id. at 3.  Respondent further states that the records show that petitioner suffered the sequela of his injury for more than six months.  Id.  Thus, respondent states that "[i]n light of the information contained in petitioner's medical records, respondent has concluded that petitioner's shoulder injury and its sequela are compensable as a "caused-in-fact" Shoulder Injury Related to Vaccine Administration ("SIRVA") injury under the Act."  Id.

**In view of respondent's concession and the evidence presented, the undersigned finds that petitioner is entitled to compensation.**

           **s/Nora Beth Dorsey**
           Nora Beth Dorsey
           Chief Special Master